UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARC GREEN,

               Plaintiff,

v.

SAFEWAY INC., et al.,

               Defendants.

CASE NO. 3:22-CV-5309-DWC

ORDER ON PARTIAL MOTION FOR SUMMARY JUDGMENT

Currently before the Court is Plaintiff Marc Green's Motion for Partial Summary Judgment Regarding Medical Treatment and Bills ("Motion").[1] The Court concludes there is no genuine dispute of material fact regarding whether Plaintiff is entitled to medical bills totaling $46,697.39 arising from injuries he sustained on April 11, 2021. However, the evidence shows a genuine dispute of material fact exists regarding whether Plaintiff is entitled to the remaining $52,435.59 requested. Therefore, the Court finds the Motion (Dkt. 18) should be granted-in-part and denied-in-part.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 13.

## I. Background

Plaintiff alleges, in April 2021, he purchased a vase and succulent from Defendant Safeway, Inc. Dkt. 1-2. Plaintiff contends the vase was manufactured by Defendant Livetrends Design Group, LLC. *Id*. Plaintiff states that, after purchasing the succulent, he "picked up his purchase by grasping the lip of the vase with his hand. Moments later, the glass vase broke in his hand." *Id*. at ¶ 3.6. Plaintiff contends, as a result of the vase breaking, he suffered a deep laceration that severed tendons and nerves in his wrist, causing permanent injury. *Id*. at 3.7.

Plaintiff filed the Motion on June 1, 2023. Dkts. 18, 19 (supporting evidence). Defendants filed their Response on June 20, 2023, Dkts. 21, 25 (supporting evidence), and Plaintiff filed his Reply on June 23, 2023. Dkt. 26. After review of the Motion, Response, Reply, and the record as a whole, the Court concludes oral argument is unnecessary.

## II. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply

"some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Motion to Strike

In his Reply, Plaintiff moves to strike the Declaration of Erin O'Connell, Defendants' expert, alleging her methodology is improper. Dkt. 26. The Court notes the Federal Rules of Evidence will "ordinarily govern in diversity cases." *Wray v. Gregory,* 61 F.3d 1414, 1417 (9th Cir. 1995). "Absent a showing that a state rule of evidence is 'intimately bound up with the state's substantive decision making,' the Federal Rules drive the Court's analysis. *Hill v. Novartis Pharms. Corp.*, 944 F. Supp. 2d 943, 962 (E.D. Cal. 2013) (quoting *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003)). At this time, Plaintiff has not adequately shown the state law he relies upon is intimately bound with the state's substantive decision making; therefore, the Court will not strike Ms. O'Connell's declaration based on Plaintiff's state law arguments. Moreover, the Court finds Plaintiff's brief citation to Federal Rules of Evidence 402 and 702, without more, is insufficient to show Ms. O'Connell's declaration should be stricken. Importantly, parties often disagree about the correct methodology for calculating damages, and "much, if not most of the time, a court would decline to exclude either approach." *Brewster v. City of Los Angeles*, No. 2023 WL 3374458, at *84 (C.D. Cal. May 9, 2023). The Court finds Plaintiff has not shown Ms. O'Connell's declaration should be stricken based on her allegedly flawed methodology. Therefore, Plaintiff's request to strike Ms. O'Connell's declaration is denied.

## IV. Discussion

Plaintiff requests the Court find, as a matter of law, that Plaintiff's medical bills in the amount of $ 99,132.98 were necessary and reasonable to treat the injuries he sustained on April 11, 2021. Dkt. 18. Defendants assert that approximately half the charges were either unreasonable or unrelated to the treatment of Plaintiff's injuries. Dkt. 21.

### A. Evidence

The evidence shows Plaintiff was treated in the emergency department at Good Samaritan Hospital on April 11, 2021 with a laceration to his right wrist. Dkt. 20, Schuster Dec., ¶ 4. Plaintiff presented to Dr. James Wyman, an orthopedic physician, for follow-up treatment and was referred to Dr. Ryan Riel, an orthopedic surgeon, for surgery. *Id*. at ¶¶ 5-7. Plaintiff had surgery on his wrist on April 30, 2021. *Id*. at ¶ 7. He presented to the emergency department at Good Samaritan Hospital in Bonney Lake for post-op concerns, including forearm redness; he was prescribed antibiotics. *Id*. at ¶ 9. Plaintiff's treatments after surgery included occupational therapy at Olympic Sports & Spine. *Id*. at ¶¶ 8, 11. He also was treated by UW Medicine/Valley Medical Center for post-injury depression and anxiety. *Id*. at ¶ 10.

Plaintiff has presented evidence showing Plaintiff's treatment at MultiCare (including MultiCare Orthopedic & Sports Medicine, Good Samaritan Hospital – Tacoma, Tacoma General Hospital and Good Samaritan Hospital – Bonney Lake), UW Medicine/Valley Medical Center, LabCorp, TRA, Rainer Anesthesiology, PacMed, and Olympic Sports & Spine was caused by the broken vase that lacerated his wrist on April 11, 2021 and was necessary to treat his injuries. Dkt. 20, Schuster Dec., ¶¶ 12-20. Further, medication that Plaintiff was prescribed and received from Wal-Mart Pharmacy was necessary to treat his injuries. *Id*. at ¶ 18.

Plaintiff also submitted evidence showing the billings for treatment for his injuries were reasonable. Dkt. 20, Fountaine Dec. Specifically, evidence shows the following medical bills were reasonable: MultiCare (including MultiCare Orthopedic & Sports Medicine, Good Samaritan Hospital – Tacoma, Tacoma General Hospital and Good Samaritan Hospital – Bonney Lake) in the amount of $92,978.95; UW Medicine/Valley Medical Center in the amount of $1,051.00; LabCorp in the amount of $348.40; TRA in the amount of $28.00; Rainer Anesthesiology in the amount of $1,330.00; PacMed in the amount of $225.00; and Olympic Sports & Spine in the amount of $3,046.00. *See id.* at ¶¶ 6-14. Further, billings for medication from Wal-Mart Pharmacy in the amount of $125.63 were reasonable. *Id*. at ¶ 12. In sum, Plaintiff's evidence shows billings for treatment related to Plaintiff's April 11, 2021 injuries, totaling $99,132.98, was reasonable. *Id*. at ¶ 14.

Defendants submitted evidence showing several of the billings requested by Plaintiff either do not conform to the usual and customary and reasonable standard ("UCR") or are unrelated to the injuries Plaintiff sustained when the vase broke. Dkt. 25, O'Connell Dec. Defendants' evidence shows charges on the billings from U.W. Medicine/Valley Medical Center in the amount of $558.00, Lab Corp in the amount of $199.70, and Connexus Pharmacy System in the amount of $10.59 are unrelated to the injuries Plaintiff sustained on April 11, 2021. *Id*. The evidence also shows that several charges exceed the UCR. There is evidence that the MultiCare charges exceed the UCR in an amount of $41,317.21, the PacMed charges exceed the UCR in an amount of $179.32; and the Olympic Sport & Spine charges exceed the UCR in an amount of $149.55. *Id*. at 13-15.

B.  Reasonable and Necessary

In a negligence case, a plaintiff may recover only the reasonable value of medical services received, not the total of all bills paid. *Torgeson v. Hanford,* 79 Wash. 56, 58-59, 139 P. 648 (1914). "Thus, the plaintiff must prove that medical costs were reasonable and, in doing so, cannot rely solely on medical records and bills." *Patterson v. Horton*, 84 Wash. App. 531, 543, (1997). Medical records and bills are relevant to prove past medical expenses only if supported by additional evidence which shows the treatment and bills were both necessary and reasonable. *Id*.

Plaintiff submitted evidence showing the medical bills and treatment Plaintiff received from MultiCare, UW Medicine/Valley Medical Center, LabCorp, TRA, Rainer Anesthesiology, Pacific Medical Inc, Wal-Mart Pharmacy, and Olympic Sports & Spine were both necessary and reasonable to treat the injuries he sustained on April 11, 2021. Dkt. 20, Schuster & Fountaine Decs. Defendant, however, submitted evidence showing Plaintiff is attempting to recover medical expenses that are unrelated to the injuries sustained on April 11, 2021 and unreasonable. Dkt. 25, O'Connell Dec. For example, there is evidence Plaintiff sought recovery for expenses from an annual physical medical exam and for medications unrelated to his injuries. *Id*. at 13-15. Further, Defendant submitted evidence that several of the medical bills exceeded the UCR and were, therefore, unreasonable. Defendants do not dispute the necessity and reasonableness of medical bills in the amount of $46,697.39. *See* Dkt. 21.

As there is a dispute regarding the necessity and reasonableness of several medical bills, the Court finds Plaintiff has not shown the Motion should be granted in full. However, as the parties do not dispute the necessity and reasonableness of medical bills totaling $46,697.39, the Court finds the Motion should be granted-in-part and denied-in-part.

### V. Conclusion

The Court concludes there is no genuine dispute of material fact regarding whether Plaintiff is entitled to medical bills totaling $46,697.39 arising from the injuries he sustained on April 11, 2021. However, the evidence shows a genuine dispute of material fact exists regarding whether Plaintiff is entitled to an additional judgment in the amount of $52,435.59 (total requested ($99,132.98) less the undisputed amount ($46,697.39)). Therefore, the Court finds the Motion (Dkt. 18) should be granted-in-part and denied-in-part. Plaintiff is entitled to judgment in the amount of $46,697.39.[2]

Dated this 20th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge

---

[2] This amount consists of the following medical bills: $460.78 (UW Medicine/Valley Medical Center); $41,661.74 (MultiCare ); $199.70 (LabCorp.); $28.00 (TRA); $1,330.00 (Rainer Anesthesiology); $45.00 (PacMed); $75.72 (Connexus Pharmacy/Wal-Mart); and $2,896.45 (Olympic Sports & Spine).